**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-2299**

───────────

FANG PING HUANG,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

───────────

On Petition for Review of an Order of the Board of Immigration Appeals.

───────────

Submitted:  June 1, 2012           Decided:  July 2, 2012

───────────

Before GREGORY, KEENAN, and WYNN, Circuit Judges.

───────────

Petition denied by unpublished per curiam opinion.

───────────

Joshua Bardavid, New York, New York, for Petitioner.  Stuart Delery, Acting Assistant Attorney General, Blair T. O'Connor, Assistant Director, Edward C. Durant, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fang Ping Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

An alien has the burden of showing he is eligible for relief. In order to show eligibility for asylum, he must show that he was subjected to past persecution or has a well-founded fear of persecution on account of a protected ground such as political opinion. See 8 C.F.R. § 208.13(b)(1) (2012). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well-founded fear of persecution.

This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence. Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary. Therefore, we review an adverse credibility determination for substantial evidence and give broad deference to the Board's credibility determination. The Board and the

2

immigration judge must provide specific, cogent reasons for making an adverse credibility determination. We recognize that omissions, inconsistent statements, contradictory evidence, and inherently improbable testimony are appropriate bases for making an adverse credibility determination. The existence of only a few such inconsistencies, omissions, or contradictions can be sufficient for the Board to make an adverse credibility determination as to the alien's entire testimony regarding past persecution. An inconsistency can serve as a basis for an adverse credibility determination even if it does not go to the heart of the alien's claim. 8 U.S.C. § 1158(b)(1)(B)(iii) (2006); see also Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011) (case citations omitted). An adverse credibility finding can support a conclusion that the alien did not establish past persecution. See Dankam v. Gonzales, 495 F.3d 113, 121-23 (4th Cir. 2007); see also Chen v. Attorney General, 463 F.3d 1228, 1231 (11th Cir. 2006) (denial of asylum relief can be based solely upon an adverse credibility finding).

We conclude that substantial evidence supports the adverse credibility finding. The immigration judge listed specific and cogent reasons in support of the finding. We note that the immigration judge was not obligated to accept Huang's reasons for the inconsistencies, even if the reasons were plausible. See Dankam, 495 F.3d at 122. We further conclude,

3

that after reviewing the independent evidence, including the State Department's report, the record does not compel a different result.[*]

We deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

---

[*] Huang has abandoned any challenge to the denial of relief under the CAT by failing to raise an issue in his brief. Accordingly, this court will not review this ruling. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that the failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

4